| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>---------------------------------------------x<br>In re:<br><br>　　　　Loyce Tamisi,<br><br>　　　　　　　　　　Debtor.<br><br>---------------------------------------------x | Hearing date: May 7, 2020<br>Hearing time: 10:00 a.m.<br><br>Case No. 20-40388 cec<br>Chapter 13<br><br>**AFFIRMATION IN OPPOSITION** |

　　　　Allan R. Bloomfield, an attorney duly admitted to practice before the Courts of this State and before this Bankruptcy Court, hereby affirms the following to be true under penalties of perjury:

　　　　1.  I am the recently retained attorney for Loyce Tamisi, the debtor herein, who filed a petition *pro* se for relief under Chapter 13 of the Bankruptcy Code on January 22, 2020, and as such am familiar with the facts and circumstances involved herein.

　　　　2.  I write in opposition to the Trustee's motion to dismiss this case. The Trustee's motion states "[t]his appears to be nothing more than another filing for the sole purpose of obtaining the rights and benefits of the Automatic Stay, as provided in 11 U.S.C. Sec. 362."

　　　　3.  The Trustee further claims this is a material default.  I do not think filing to obtain the rights of the stay is a material default.

4. However, my main argument is that this case was not filed just to foil a foreclosure sale, because after the Trustee's motion dated January 31, 2020, the debtor, by herself, *pro se*, filed the required schedules, statements, an affidavit in opposition to the Trustee's motion, the means test, a Chapter 13 Plan, attended the Section 341(a) meeting, attended two appearances before the Court for confirmation hearings and filed an Amended Plan.

5. And, perhaps most importantly, the debtor has made her first two payments of $1,600.00 each to the Trustee.

6. All of this activity indicates a debtor serious about proceeding to confirmation on her case.

7. I would also point out that the debtor filed a motion to extend the stay, which was granted by this Court, which would indicate the Court itself did not see this case as just a filing to stop a foreclosure sale.

8. Now that the debtor has retained the undersigned, we are endeavoring to properly proceed to a confirmable plan. I have filed for the debtor a 2nd Amended Chapter 13 Plan and a Motion to enter into loss mitigation.

9. My efforts, and current efforts by the debtor, an elderly woman, have necessarily been hampered by the corona virus pandemic, as it is very

difficult to take the steps necessary, although we are trying our best to do so.

10.  I therefore ask that the Trustee's motion be denied, since he cited only one ground for dismissal and it has been refuted, and that this case be allowed to proceed considering the circumstances.

WHEREFORE, it is respectfully requested that the Trustee's motion to dismiss this case be denied, and that the Court grant such other relief that may be appropriate.

     /s/ Allan R. Bloomfield_____
Allan R. Bloomfield
Attorney for Debtor
118-21 queens Blvd., #617
Forest Hills, New York 11375
(718) 544-0500
allan@bloomfieldlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x

In re:                                                         Case No. 20-40388 cec
                                                              Chapter 13

     Loyce Tamisi,

                        Debtor.
-------------------------------------------------x

## CERTIFICATE OF SERVICE

     I, Allan R. Bloomfield, a member in good standing of the Bar of the State of New York, and an attorney admitted to practice before this Court, among others, hereby certify that on April 3, 2020, I caused a true copy of the **Affidavit in Opposition to Motion to Dismiss** to be served upon the Chapter 13 case trustee Michael J. Macco by internet transmittal as per his request.

Dated:   April 3, 2020

                                                            /s/ Allan R. Bloomfield
                                                            _____
                                                            Allan R. Bloomfield